United States District Court
Southern District of Texas
**ENTERED**
November 06, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| DEVIN PRICE, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 7:17-cv-00454 |
| | § | |
| AMADO ROSALES, et al., | § | |
| Defendants. | § | |

## REPORT & RECOMMENDATION

Plaintiff Devin Price, while a state prisoner and as a pro se litigant, filed a civil rights action on November 16, 2017.   At the time of filing, the Plaintiff was at the Edinburg Transitional Center pursuant to being on state parole.   (Dkt. No. 1 at 1.)   The claim pertains to confiscation of Plaintiff's cell phone by officials at the Edinburg Transitional Center on October 12, 2017.   (Dkt. No. 1 at 5.)   The matter was originally filed in United States District Court, Brownsville Division, and subsequently transferred to McAllen Division on November 28, 2017.   (Dkt. No. 8.)   The matter was subsequent referred to a magistrate judge per 28 U.S.C. §636(b).   On April 11, 2018, an Order was issued advising the Plaintiff that to proceed, the Plaintiff would have to pay the $400 fee or request to proceed in forma pauperis and provide the required financial information to establish an inability to pay.   (Dkt. No. 10.)   A response was due in thirty days.   (*Id.*)   The Order was returned undeliverable from the last known address for Plaintiff.   (Dkt. No.'s 11, 12.)

On October 2, 2018, the case was formerly transferred to the undersigned magistrate judge. (Dkt. Data Entry, dated Oct. 2, 2018.)

Due to the fact that the Plaintiff has failed to provide an updated address to the Court, the undersigned recommends that Plaintiff's civil rights complaint be dismissed without prejudice for failure to prosecute as to all parties.

## **BACKGROUND**

The civil rights complaint was filed by the Plaintiff on November 16, 2017, in the District Court for the Southern District of Texas, Brownsville Division.   (Dkt. No. 1.)

The Plaintiff set forth as Defendants the following individuals:   Amado Rosales, Director of Security, Edinburg Transitional Center; the Director, Texas Department of Criminal Justice – Board of Pardons and Paroles and an unknown agent at the Edinburg Transitional Center.   (Dkt. No. 1, at 3.)   The Plaintiff's civil rights complaint is based on the allegation of search and seizure of a cellular phone the Plaintiff possessed on October 12, 2017, while the Plaintiff was at the Edinburg Transitional Center due to his state parole.   (Dkt. No. 1 at 5, 27.)   The Plaintiff utilized "Prisoner's Civil Rights Complaint" form to set forth the allegations.

The pre-printed form notes that the prisoner is responsible to inform the court of any change of address:

> Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

(Dkt. No. 1 at 2.)

The Plaintiff signed the form on November 7, 2017, and above his signature are a set of pre-printed declarations including the following:

> 2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

(*Id.* at 12.)

Besides the pre-printed form, the Plaintiff also included 11 additional documents including receipt for purchase of phone, letter of intent notice, unsworn declarations of the Plaintiff and handbook for the Edinburg Transitional Center.   (*Id.* at 13.)

On the same date, the Plaintiff also filed "Declaration of Inability to Pay."   (Dkt. No. 2.)

The Clerk's Office in Brownsville issued a "Notice of Case Filing" (Dkt. No. 3) on November 16, 2017, that was mailed on same date to an address in Edinburg, Texas for the Edinburg Transitional Center.   That "Notice" was subsequently returned undeliverable on November 27, 2017.   (Dkt. No. 6.)   The case itself, was subsequently transferred from Brownsville Division to McAllen Division on November 28, 2017.   (Dkt. No. 8.)

On April 11, 2018, an Order was issued setting forth that the Plaintiff either had to pay the $400 filing fee to initiate a civil action or file the appropriate paperwork to proceed in forma pauperis.   (Dkt. No. 10 at 1.)   While the Plaintiff had initially filed a "Declaration of Inability to Pay" (Dkt. No. 2), the Plaintiff had not provided as required the certified statement of the inmate trust account for the six-months preceding the filing of the civil complaint for review.   (Dkt. No. 10 at 1.)   The preprinted civil complaint form also advises prisoners that they must provide a certified statement of the inmate trust account for the preceding six months should they wish to proceed in forma pauperis.   (Dkt. No. 1 at 2.)

The Plaintiff had 30 days to comply with the Order.   (Dkt. No. 10 at 2.)

The Order was returned undeliverable from the last known address of Devin Price on April 23, 2018.   The Order was sent to the Plaintiff at an address in Houston for the Southeast Texas Transitional Center.   (Dkt. No.'s 11, 12.)

Based on review of the docket proceedings, the last affirmative contact the Plaintiff had with the Clerk's Office is the initial filing from November 16, 2017.

## ANALYSIS

Petitioner's original civil action is subject to dismissal for failure to prosecute.   Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to

3

comply with these rules or a court order." Fed. R. Civ. P. 41(b).   Such a dismissal may be made upon the court's own motion or on motion by the opposing party.   *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).   While a court should be "appropriately lenient" with a party proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"   *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).   Further, "[c]ourts are given the power to invoke this sanction to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district court."   *Edwards v. Harris County Sheriff's Dept.*, 864 F.Supp. 633, 636 (S.D. Tex. 1994) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962)); *see also Arthur v. Parkland Health,* No. 3:17-CV-1659-C-BH, 2017 WL 4480774, at *2 (N.D. Tex. Sept. 20, 2017) (dismissing a prisoner's lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders if prisoner failed to pay remainder of filing fee by designated deadline).

When reviewing this issue, the following factors must be considered: docket management, public interest in efficient and judicious resolution of litigated matters, defendant's risk of prejudice from such delay and "the policy favoring disposition of cases on their merits." *Edwards*, 846 F. Supp. at 636 (citing *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 651 (9th Cir. 1991); *Citizens Util. Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979)).   The court should consider the plaintiff's role in the delay, any prejudice to the defendant because of the delay and if the plaintiff intentionally caused the delay.   *Id.* at 636-637 (citing *Markwell v. County of Bexar,* 878 F.2d 899, 902 (5th Cir. 1989); *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

In this matter, the Plaintiff has been aware since the initial filing of his civil action that he was supposed to provide the Court notice of his current address pursuant to the form utilized to file the civil action.   (Dkt. No. 1 at 2, 12.)   The local rules also require a pro se litigant to keep the clerk's office abreast of any change of address.   LR83.4.   "A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address."   *Id.*

There has been no filings or communications with the Clerk of the Court by the Plaintiff for over one year.   At no time has the Plaintiff updated his address or inquired on the status of the proceedings.   Due to this lack of diligence by the Plaintiff, this complaint should be dismissed for failure to prosecute.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Plaintiff's civil rights complaint (Dkt. No. 1) be **DISMISSED** without prejudice as to all parties for failure to prosecute.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).   The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Plaintiff by any receipted means to Kegans State Jail, 707 Top Street, Houston, Texas 77002.[1]

**DONE** at McAllen, Texas, this _6th_ day of November, 2018.

Juan F. Alanis
United States Magistrate Judge

---

[1] In seeking to determine Plaintiff's current mailing address, the Texas Board of Pardons and Parole provided information that Plaintiff had been recently arrested for violating his parole as of October 31, 2018. Plaintiff was temporarily incarcerated at the Holliday Unit in Huntsville, Texas (295 IH-45 North; Huntsville, TX 77320-8443) pending transfer to a permanent location. On November 6, 2018, a check of the TDCJ website has Plaintiff's current location at the Kegans State Jail in Houston, Texas, 707 Top Street, Houston, TX 77002. *Offender Information Details*, Texas Department of Criminal Justice (last visited Nov. 6, 2018), https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=03096158.